IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHAPAT NABAYA,**

    Plaintiff,
v.                                                            Civil Action No. **3:21CV283**

**M. HANNAH LAUCK,**

    Defendant.

**MEMORANDUM OPINION**

    Shapat Nabaya, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this action. Nabaya titled the action as a "MOTION FOR CLERK TO FILE CRIMINAL COMPLAINT." (ECF No. 1, at 1.) Nabaya apparently wishes to initiate a criminal action against the Honorable M. Hannah Lauck, United States District Judge. The Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Nabaya's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis.

1986)). Furthermore, Nabaya as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the action will be DISMISSED AS FRIVOLOUS. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 3 June 2021
Richmond, Virginia